J-A31011-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| WILLIAM SAMUEL JENKINS, | |
| Appellant | No. 115 MDA 2014 |

Appeal from the Judgment of Sentence September 30, 2013
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0004226-2011

BEFORE:  BOWES, OTT, and STABILE, JJ.

MEMORANDUM BY BOWES, J.:                **FILED NOVEMBER 18, 2014**

William Samuel Jenkins appeals from the judgment of sentence of twenty-five to fifty years incarceration imposed by the trial court after a jury found him guilty of attempt to commit indecent assault by forcible compulsion and simple assault.[1]  We affirm.

The victim in this matter, Veronica Daniels, before this incident, had seen Appellant on prior occasions and talked to him in a bar.  After leaving a bar on September 10, 2011, Appellant propositioned Ms. Daniels to engage in sex for $40.00.  Ms. Daniels had previous involvement with prostitution.  She initially agreed to have vaginal intercourse with Appellant in exchange for $40.00.  Accordingly, Appellant and Ms. Daniels entered into an alleyway

_____

[1]  The sex offense charge subjected him to a mandatory sentence based on his prior conviction of a sex offense in Maine.  42 Pa.C.S. § 9718.2.

by 1426 North Third Street in Harrisburg. The two began to engage in sexual contact, but Appellant could not sustain an erection and Ms. Daniels changed her mind. She told Appellant multiple times to stop. She also pushed Appellant away as he began to masturbate, but Appellant grabbed her throat and slammed her into a brick wall. This caused the victim to black out.

When the victim regained consciousness, Appellant was attempting to remove her belt and she kicked him away. She then heard a man ask what was going on and Appellant ceased his assault. That individual, Todd Myers, was responding to a work-related emergency to repair an air conditioner at 1426 North Third Street. According to Mr. Myers, he ordinarily used the service entrance to the building but heard noises behind a dumpster and believed he was interrupting inappropriate behavior. Mr. Myers yelled for the people to leave, and reported the matter to his director, John Foltz. Mr. Foltz reviewed surveillance video of the incident and contacted his supervisor. The police were then alerted to the attack.

Detective John O'Connor viewed the surveillance recording and ascertained the identity of the victim. He then travelled to Ms. Daniels' residence. Ms. Daniels was apprehensive at first and began to cry. Detective O'Connor informed her that she was not in trouble. Ms. Daniels told Detective O'Connor that she thought she was going to die, and that her throat still hurt as a result of Appellant choking her. She admitted that she had been a prostitute and initially agreed to have sex with Appellant. After

the incident, she did not contact police, believing she would be blamed for the matter based on her prior history of prostitution. Appellant provided the police with his own statement in which he indicated that the victim agreed to let him choke her so he could ejaculate.

The Commonwealth initially charged Appellant with attempted rape and aggravated assault. Prior to trial, the Commonwealth also requested that the court instruct the jury on attempted indecent assault and Appellant sought a simple assault instruction. The court agreed to provide both charges. The jury found Appellant not guilty of attempted rape and aggravated assault, but convicted him of attempted indecent assault and simple assault. The court directed that Appellant be assessed by the Sexual Offender's Assessment Board on December 10, 2012.

Appellant filed an objection to that order, contending that it violated *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and alleging that his offense should be graded as a misdemeanor of the second degree. After a hearing, the court denied that motion. Based on Appellant's prior conviction for a sex offense in Maine, the court imposed a mandatory sentence of twenty-five to fifty years incarceration for the sex offense. The court also sentenced Appellant to a concurrent term of imprisonment of one to two years for the simple assault charge.

Appellant filed a timely post-sentence motion, which the trial court denied. This timely appeal ensued. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on

appeal. Appellant complied, and the trial court authored its opinion. The matter is now ready for our review. Appellant presents three questions for this Court's consideration.

[1.] Was the evident [sic] sufficient to find Appellant guilty of the charge of Indecent Assault by Forcible Compulsion?

[2.] Was the evidence against the weight of the evidence thereby necessitating a new trial?

[3.] Was Appellant's sentence beyond the statutory maximum for the offense of Indecent Assault by Forcible Compulsion an illegal sentence because Defendant was never charged with the office [sic] of Indecent Assault by Forcible Compulsion nor on notice that the conviction of same would trigger a sentence beyond the statutory maximum in violation of Article I[,] § 9 of Pa. Constitution and the 5th and 14th Amendments of the U.S. Constitution?

Appellant's brief at 5.

Appellant's initial challenge is to the sufficiency of the evidence relative to his indecent assault charge. In conducting a sufficiency of the evidence review, we view all of the evidence admitted, even improperly admitted evidence. *Commonwealth v. Watley*, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We consider such evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the Commonwealth. *Id*. When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. *Id*.

The evidence "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Id*. In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,]" a defendant is entitled to relief. This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id*.

Appellant contends that he did not have the requisite intent to commit indecent assault by forcible compulsion because he paid the victim to engage in sexual congress. The Commonwealth rejoins that, viewing the evidence in a light most favorable to it as the verdict winner, it is clear that the victim withdrew her consent. It maintains that choking the victim while masturbating, slamming her head into a wall, and attempting to remove her belt are sufficient to establish the elements of attempted indecent assault by forcible compulsion. We agree.

Indecent assault by forcible compulsion is defined as follows.

A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

. . . .

(2) the person does so by forcible compulsion;

- 5 -

(3) the person does so by threat of forcible compulsion that would prevent resistance by a person of reasonable resolution.

18 Pa.C.S. § 3126(a)(2)(3). Further, an attempt is committed "when, with intent to commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." 18 Pa.C.S. § 901(a).

Here, there is no question that the facts as discussed above meet the elements of the offense charged. Appellant's act of choking the victim, slamming her into a brick wall, attempting to remove her belt after she told Appellant that she no longer wished to have sex with him, and his act of openly masturbating are sufficient evidence. Appellant's claim is frivolous.

Appellant's second challenge is to the weight of the evidence with respect to his attempt to commit indecent assault conviction. A weight claim must be preserved in a timely post-sentence motion. **Commonwealth v. Lofton**, 57 A.3d 1270, 1273 (Pa.Super. 2012). "Appellate review of a weight claim *is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence.*" **Commonwealth v. Clay**, 64 A.3d 1049, 1055 (Pa. 2013) (italics in original). Accordingly, "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." **Id**.

A trial judge should not grant a new trial due to "a mere conflict in the testimony or because the judge on the same facts would have arrived at a

different conclusion." ***Id***. Instead, the trial court must examine whether "'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" ***Id***. Only where the jury verdict "is so contrary to the evidence as to shock one's sense of justice" should a trial court afford a defendant a new trial. ***Id***. A weight of the evidence issue concedes that sufficient evidence was introduced. ***Commonwealth v. Charlton***, 902 A.2d 554, 561 (Pa.Super. 2006).

Citing a sufficiency of the evidence case, ***see*** Appellant's brief at 13 (quoting ***Commonwealth v. Karakaria***, 625 A.2d 1167, 1170 (Pa. 1993)), Appellant contends that the verdict in this matter was based on conjecture. He asserts that the tape only showed him attempting to prevent the victim from leaving while he tried to arouse himself. The Commonwealth responds that the video "fully corroborates the victim's testimony, and therefore it does not shock one's sense of justice that the jury believed the testimony of the victim." Commonwealth's brief at 11-12.

Appellant's weight claim is meritless. The jury was free to believe the testimony of the victim. The video supported the testimony of the victim and Mr. Meyers. There is no evidence in this matter that is contrary to the testimony of the Commonwealth's witnesses. Nor is there even a conflict in the testimony of the victim. The trial court did not abuse its discretion in rejecting Appellant's baseless weight of the evidence issue.

Appellant, in his final argument, contends that he was denied due process of law because he was not on notice that a conviction for indecent assault by forcible compulsion, graded as a misdemeanor of the first-degree would trigger a twenty-five-year mandatory sentence. In conjunction, he adds that the mandatory sentence exceeded the lawful maximum that would otherwise apply. Appellant's brief, however, is bereft of any citation to pertinent case authority.[2]

Appellant was sentenced under 42 Pa.C.S. § 9718.2.[3] That statute provides for mandatory sentences for a defendant previously convicted of

---

[2]  Appellant also argued below, but abandons on appeal, that the jury was required to answer a specific interrogatory on whether it found that Appellant met the element of attempted forcible compulsion or threat of forcible compulsion. Since this was an element of the offense and the court so instructed the jury, the jury necessarily found this element in reaching its verdict. Thus, this aspect of Appellant's position below was specious. We add that Appellant did not object to the jury being instructed on the attempt to commit indecent assault offense after the close of the jury instruction.

[3]  42 Pa.C.S. § 9718.2 provides in full:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or

*(Footnote Continued Next Page)*

_(Footnote Continued)_ _____

other statute to the contrary. Upon such conviction, the court shall give the person oral and written notice of the penalties under paragraph (2) for a third conviction. Failure to provide such notice shall not render the offender ineligible to be sentenced under paragraph (2).

(2) Where the person had at the time of the commission of the current offense previously been convicted of two or more offenses arising from separate criminal transactions set forth in section 9799.14 or equivalent crimes under the laws of this Commonwealth in effect at the time of the commission of the offense or equivalent crimes in another jurisdiction, the person shall be sentenced to a term of life imprisonment, notwithstanding any other provision of this title or other statute to the contrary. Proof that the offender received notice of or otherwise knew or should have known of the penalties under this paragraph shall not be required.

**(b) Mandatory maximum.--**An offender sentenced to a mandatory minimum sentence under this section shall be sentenced to a maximum sentence equal to twice the mandatory minimum sentence, notwithstanding 18 Pa.C.S. § 1103 (relating to sentence of imprisonment for felony) or any other provision of this title or other statute to the contrary.

**(c) Proof of sentencing.--**The provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offender under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is

_(Footnote Continued Next Page)_

various sex offenses. Since the facts triggering the increased sentence are prior convictions, neither **Apprendi** nor **Alleyne v. United States**, 133 S.Ct. 2151 (2013), is controlling. **See Almendarez–Torres v. United States**, 523 U.S. 224 (1998); **Alleyne**, **supra** at 2160 n.1.[4] While various members of the United States Supreme Court have hinted that the

(Footnote Continued)

applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

**(d) Authority of court in sentencing.--**There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsections (a) and (b) or to place the offender on probation or to suspend sentence. Nothing in this section shall prevent the sentencing court from imposing a sentence greater than that provided in this section. Sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing shall not supersede the mandatory sentences provided in this section.

**(e) Appeal by Commonwealth.--**If a sentencing court shall refuse to apply this section where applicable, the Commonwealth shall have the right to appellate review of the action of the sentencing court. The appellate court shall vacate the sentence and remand the case to the sentencing court for the imposition of a sentence in accordance with this section if it finds that the sentence was imposed in violation of this section.

[4] Similarly, this Court's recent decisions governing the severability of those provisions of mandatory minimum statutes relative to an unconstitutional burden of proof are not implicated because this case involves a prior conviction. Further, Appellant has not raised any argument relative to severability or the constitutionality of the statute. Hence, any constitutional challenge to 42 Pa.C.S. § 9718.2 would be waived.

conviction exception is inconsistent with the original meaning of the jury trial clause, **see Watley**, **supra** at 117 n.3, Appellant has not proffered any such argument. To the extent that Appellant alleges that he was not on notice, the statute provides that notice is not required prior to conviction. **See** 42 Pa.C.S. § 9718.2(c). Here, prior to trial, the Commonwealth placed on the record that it was requesting to charge him with attempt to commit indecent assault by forcible corruption. In doing so, it explicitly notified Appellant that, based on his previous conviction for a sexual offense in Maine, he was subject to a twenty-five-year mandatory sentence if convicted. Specifically, the Commonwealth set forth,

> you also have a conviction out of state in Maine that is of a nature of a sexual assault. Due to that, at Count No. 1 of the information, whether criminal attempt to commit rape or criminal attempt to commit indecent assault, there is a 25-year mandatory upon conviction for that charge.

Thus, the Commonwealth went beyond the requirements of the mandatory statute, which does not require pre-trial notice, and Appellant was afforded appropriate notice. Appellant's notice argument is thus devoid of merit.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>11/18/2014</u>