J-S09023-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RAYMOND GRAVELY, | |
| Appellant | No. 1144 WDA 2014 |

Appeal from the Judgment of Sentence February 25, 2014
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0003249-2012

BEFORE:  FORD ELLIOTT, P.J.E., BOWES, and ALLEN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 24, 2015**

Raymond Gravely appeals from a mandatory judgment of sentence of twenty-five to fifty years incarceration imposed by the trial court after a jury found him guilty of unlawful contact or communication with a minor, criminal solicitation to commit involuntary deviate sexual intercourse ("IDSI") with a child, dissemination of sexually explicit material to a minor, corruption of a minor, and indecent assault.[1]  After careful review, we affirm.

The victim in this case, thirteen at the time of trial, testified that Appellant, who is his uncle and was his next door neighbor, repeatedly asked him if Appellant could perform *fellatio* on him.  Additionally, the victim maintained that Appellant frequently inquired if he could see the victim's

_____

[1] The jury deadlocked on one count of indecent exposure.

penis. The victim indicated that Appellant repeatedly would urinate in front of him and his siblings and one time commented on the size of the victim's penis while the victim was going to the bathroom outside. Appellant also grabbed the victim's genitalia while the victim was trying to urinate outside in the woods. In addition, the victim testified that Appellant showed him a pornographic movie inside Appellant's workshop. The victim described the movie as depicting a woman performing oral sex on a man while a second male had sex with the woman. During this incident, Appellant asked the victim if he was hard and Appellant fondled himself.

The allegations came to light, on May 16, 2012, after the victim told his younger sister that he had a secret. The victim did not tell his sister, but she told her mother that the victim had a secret. The victim's mother asked about the secret, and the victim informed her of Appellant's activities. The victim's mother then confronted Appellant and telephoned police that same day. The events occurred over approximately two years, while the victim was eleven and twelve years old.

Additionally, the Commonwealth introduced, over objection, evidence that Appellant was previously convicted of criminal solicitation to commit IDSI with a minor, corruption of a minor, and indecent exposure in 1993. The victim in that case was approximately ten to eleven years of age. That victim, thirty-six at the time of trial, testified that Appellant had been his stepfather. During a five year period, Appellant asked the victim on four

occasions if he could perform oral sex on the victim. Further, Appellant often urinated in front of that victim, showed him pornography in a basement workshop and would masturbate and touch himself in front of the then child. The jury verdict slip instructed the jury to determine whether Appellant had been convicted of the criminal solicitation and corruption of a minor charges in 1993, which it did.[2] Following the jury's verdict, on February 25, 2014, the court sentenced Appellant to a mandatory minimum sentence of twenty-five to fifty-years incarceration under 42 Pa.C.S. § 9718.2(A)(1). Appellant filed a timely post-sentence motion contesting the weight of the evidence on the dissemination of sexually explicit material to a minor count and the admission of the prior convictions.

The trial court denied those motions and issued an opinion in support of that denial. This timely appeal ensued. Appellant raises three issues for our review.

  I.    Whether the mandatory sentence imposed in Gravely's case is unlawful[?]

  II.   Whether the trial court erred when it allowed evidence of Gravely's prior conviction.

_____

[2] The trial court and parties were both aware of ***Alleyne v. United States***, 133 S.Ct. 2151 (2013), and discussed at length whether the jury should determine beyond a reasonable doubt whether the Commonwealth established that Appellant was previously convicted of the crimes it introduced into evidence. Although Appellant initially contested the admissibility of the prior crimes, he argued that the jury should have to determine their existence beyond a reasonable doubt.

III.    Whether the verdict of guilty on count three (dissemination of sexually explicit materials, 18 Pa.C.S. § 5903(c)(1)) was against the weight of the evidence.

Appellant's brief at 3.

Appellant's initial claim is based on *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Commonwealth v. Newman*, 99 A.3d 86 (Pa.Super. 2014) (*en banc*).  *Alleyne* held that the Sixth Amendment jury trial right requires any fact, except for prior convictions, that mandatorily increases a defendant's minimum sentence, to be submitted and found beyond a reasonable doubt by the fact-finder.  *See e.g. Commonwealth v. Watley*, 81 A.3d 108, 117 (Pa.Super. 2013) (*en banc*); *cf. Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt.").

*Newman* found that Pennsylvania mandatory minimum statutes, unrelated to prior convictions, allowing a judge to sentence a defendant to a mandatory minimum based on facts determined by a preponderance of the evidence, are unconstitutional as a whole. However, since the mandatory at issue falls within the exception to those cases, Appellant is entitled to no relief.   Specifically, Appellant was subject to an increased mandatory sentence based on a prior conviction.

In *Almendarez–Torres v. United States*, 523 U.S. 224 (1998), the Supreme Court held that prior convictions do not have to be proven beyond a reasonable doubt to enhance a sentence. Our Supreme Court has determined that the Pennsylvania Constitution does not afford greater protections. *Commonwealth v. Aponte*, 855 A.2d 800 (Pa. 2004).

Although compelling arguments have been advanced that the Sixth Amendment jury trial right requires disputed prior convictions to be proven beyond a reasonable doubt,[3] Appellant does not allege that his Sixth Amendment or Pennsylvania jury trial rights were violated; indeed, he argues that it was error to allow the jury to consider his prior convictions.[4] Further, Appellant's jury trial rights were not infringed since the jury did

---

[3] *Apprendi v. New Jersey*, 530 U.S. 466 (2000) (Thomas, J., concurring); *Harris v. United States*, 536 U.S. 545 (2002) (Thomas, J., dissenting); *Almendarez–Torres v. United States*, 523 U.S. 224 (1998) (Scalia, J., dissenting) (opining that where prior convictions result in a sentence that otherwise exceeds the statutory maximum, a jury determination of the prior convictions is required); *but compare Commonwealth v. Aponte*, 855 A.2d 800 (Pa. 2004); *see also Aponte*, *supra* (Saylor, J., concurring).

[4] Contradictorily, Appellant argues on appeal that the prior conviction in question violates *Alleyne*, but asserts that the Commonwealth was not permitted to introduce evidence of the prior conviction to the jury. Appellant cannot have it both ways. It is untenable to permit a defendant to contest introduction of prior convictions at the trial level and then argue that the failure to prove those prior convictions to the jury warrants a differing sentence and/or violates his jury trial rights. Here, the Commonwealth requested that the jury be instructed to determine the prior conviction beyond a reasonable doubt to overcome any potential *Alleyne*-based issue and Appellant actually set forth that it would "be safer to submit it to them." N.T., 11/7/13, at 496, 502. The trial court granted that request.

determine the prior conviction beyond a reasonable doubt. Finally, until the United States Supreme Court revisits *Almendarez–Torres* or our Supreme Court reexamines *Aponte*, Appellant is entitled to no sentencing relief.

In his second issue, Appellant maintains that the trial court erred in admitting evidence regarding prior convictions for similar behavior.[5] Specifically, criminal solicitation to commit involuntary deviate sexual intercourse with a minor and corruption of a minor. Evidence of bad acts is inadmissible to prove that a defendant has bad character or a criminal propensity. *See* Pa.R.E. 404(b). However, bad acts evidence is admissible for a host of reasons including to prove motive, intent, knowledge, absence of mistake, common scheme, to establish identity, and as part of the chain of events that form the history of the case. Pa.R.E. 404(b)(2); *Commonwealth v. Brown*, 52 A.3d 320 (Pa.Super. 2012). Here, the trial court admitted the evidence to show a common scheme. The probative value of the bad acts evidence must also outweigh its prejudicial impact in order to be admissible. *Commonwealth v. Powell*, 956 A.2d 406, 419 (Pa. 2008). In considering whether the probative value of the bad acts evidence outweighs its prejudicial nature, this Court has opined that:

_____

[5] Appellant also pled guilty to sexually abusing his stepdaughter from the age of seven or eight to eleven or twelve. The facts of these crimes were not introduced at trial.

- 6 -

courts must consider factors such as the strength of the "other crimes" evidence, the similarities between the crimes, the time lapse between crimes, the need for the other crimes evidence, the efficacy of alternative proof of the charged crime, and "the degree to which the evidence probably will rouse the jury to overmastering hostility." McCormick, *Evidence* § 190 at 811 (4th ed. 1992). ***See also Commonwealth v. Frank***, 395 Pa.Super. 412, 577 A.2d 609 (1990) (enumerating balancing test factors, including ability for limiting instruction to reduce prejudice).

***Brown***, ***supra*** at 326-327.  We consider the admission of such evidence under an abuse of discretion standard.  ***Commonwealth v. Patterson***, 91 A.3d 55, 68 (Pa. 2014).

Appellant argues that "the circumstances of the prior conviction lacks the very high level of similarity to the present case[.]"  Appellant's brief at 12.  According to Appellant, the Commonwealth merely demonstrated "that the present case involves the same general class of crime as the prior case." ***Id***.  He maintains that the similarities between this case and his prior conviction are "common elements found in most cases where child sexual abuse is alleged."  ***Id***. at 13.  Appellant adds that the prior convictions occurred almost twenty years before the underlying offenses herein.  In his view, the previous crime was too remote in time to be relevant.

The Commonwealth responds that because Appellant claimed that he only urinated in front of the victim herein and the case was based solely on the testimony of the child, evidence that he acted similarly toward a male child of the same age was "relevant to prove motive, intent, absence of mistake and common scheme."  Commonwealth's brief at 14.  It points out

that the trial court determined similarities based on the conduct, both victims had a familial relationship to Appellant, and the boys were the same race, age, and sex.

In addition, the Commonwealth refutes that the time lapse in this matter compels reversal. Repeating the discussion of the trial court, it notes that the time a defendant spends incarcerated is also a factor in considering the remoteness of the previous conviction. The Commonwealth submits that Appellant was incarcerated from 1993 until 2004 and absconded from his probation in 2008. Considering these facts, it asserts that the time between the crimes was not significant, especially where the similarity between the crimes was significant.

We find that the trial court did not abuse its discretion in admitting evidence regarding Appellant's prior convictions. The previous victim testified regarding the facts underlying the prior convictions. At the time of the crimes, both victims were young white males, close in age. The victim in the prior case was the son of Appellant's former spouse. Instantly, Appellant is the victim's uncle, and lived next door. In both instances, Appellant pulled out his penis in front of the boys, urinated in front of them, asked the victims if they wanted to perform *fellatio*, showed the young boys pornographic material in a workshop, and touched his penis in front of them. Based on Appellant's claim that he merely urinated in front of the victim, we find that this evidence's probative value outweighed its prejudicial impact.

The evidence refuted any suggestion that Appellant accidently or mistakenly exposed the victim to sexually explicit materials and inadvertently urinated in front of the victims. It demonstrated that Appellant intended to show the victim pornography for purposes of Appellant's own arousal.

The strength of the other crimes evidence was also considerable since Appellant was found guilty of the previous behavior. Contrary to Appellant's representations, as discussed above, the similarities between the pervious behavior and what transpired herein is substantial. The time lapse between the crimes is mitigated by Appellant's nine year period in jail and his subsequent parole, and the fact that Appellant began his behavior within a year of moving next door to the victim. Further, the alternative proof in this matter was limited to the testimony of the victim and Appellant attempted to attack that credibility. Finally, the court provided a cautionary instruction to the jury. Admission of the prior convictions in this case was appropriate.

Appellant's remaining challenge is to the weight of the evidence regarding the charge of dissemination of sexually explicit material to a minor. A weight claim must be preserved in a timely post-sentence motion. ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa.Super. 2012). "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." ***Commonwealth v. Clay***, 64 A.3d 1049, 1055 (Pa. 2013) (emphases removed). Accordingly, "[o]ne of the least assailable reasons for

granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the evidence and that a new trial should be granted in the interest of justice." *Id*.

A trial judge should not grant a new trial due to "a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Id*. Instead, the trial court must examine whether "'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id*. Only where the jury verdict "is so contrary to the evidence as to shock one's sense of justice" should a trial court afford a defendant a new trial. *Id*. A weight of the evidence issue concedes that sufficient evidence was introduced. *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa.Super. 2006).

Appellant preserved his weight claim in his post-sentence motion, and was not directed to file a Pa.R.A.P. 1925(b) concise statement. He now argues that there was no physical evidence to support the victim's "vague description" of the pornographic video. Appellant's brief at 15. Appellant maintains, in a sufficiency of the evidence styled argument, that the victim's testimony about the video did not "establish the elements of Section 5903." He adds that since police did not uncover any such DVD when they searched Appellant's residence and workshop, the weight of the evidence does not support his conviction.

Initially, we remind Appellant that challenges to the weight and sufficiency of the evidence are distinct. Appellant's weight claim is merely a sufficiency of the evidence issue in disguise. Appellant repeatedly asserts that the victim's testimony did not establish the elements of the crime. This is an attack on the sufficiency of the evidence, which Appellant has waived by not including it within his statement of questions. Pa.R.A.P. 2116(a). To the extent that the Commonwealth did not discover the pornographic DVD, such absence does not compel reversal under the weight of the evidence paradigm. A weight claim requires the trial court to weigh evidence that was introduced, not consider the lack of evidence. Here, there is not even a conflict in the evidence. Nor were there facts introduced that are so clearly of greater weight that to ignore them or to give them equal weight with all the facts would be to deny justice.

The victim described the video as showing a female engaged in *fellatio* on a male, while another male was having sex with the woman. The jury was free to conclude that this testimony was credible and find Appellant guilty of dissemination of sexually explicit material to a minor.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/24/2015