J-S04014-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARQUALE JAMAL SMITH, | |
| Appellant | No. 1033 MDA 2014 |

Appeal from the Judgment of Sentence May 23, 2014
In the Court of Common Pleas of Snyder County
Criminal Division at No(s): CP-55-CR-0000164-2013

BEFORE:  BOWES, ALLEN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY BOWES, J.:                    **FILED MARCH 31, 2015**

Marquale Jamal Smith appeals from the judgment of sentence of three to six years incarceration imposed by the trial court after a jury found him guilty of sexual assault, indecent assault by forcible compulsion, and unlawful restraint.  We affirm.

Appellant and the victim were formerly in a relationship and had a child together.  The victim would bring their child to Appellant's mother's home, where Appellant lived, while the victim worked.  She would then return to his house to pick up the child after her shift was over.  On May 13, 2013, the victim arrived at Appellant's home at approximately 4:00 p.m. to pick up her child.  Soon after entering the home, Appellant took her cell

_____

[*]  Retired Senior Judge assigned to the Superior Court.

phone and keys. He accused the victim of having a sexual relationship with another man, and was attempting to check her phone for text messages or other proof that she was seeing someone else.

The victim's child, who was approximately six months old at the time, awoke. The victim then went into Appellant's bedroom to breastfeed. She sat on Appellant's bed with her clothes on and lifted her shirt so that the baby could have access to her breasts. Appellant then entered and began to call the victim a slut or a whore. At that point, he began to remove her pants. The victim told Appellant to stop, but he removed the victim's pants. She repeated that she did not want to have sex. He then stated that if other men could "get some, then he should, too." N.T., 2/18/14, at 21. Appellant then penetrated the victim's vagina with his penis. The victim continued to tell Appellant to stop, and the baby began to cry as did the victim. Shortly thereafter, Appellant exited the room and the victim dressed herself and took the baby into the living room. She asked for her keys so that she could leave.

Appellant continued to accuse the victim of being in a relationship with another man from her work and took the baby from her. He then told the victim that she could not leave with the child unless she had sex with him again. After one-half-hour of discussing the victim having sex with Appellant before she could leave, the victim finally acquiesced. According to her, she only engaged in intercourse with Appellant so she could take her baby and leave.

After the second assault, Appellant refused to let the victim immediately leave with the child.  He then threw the victim's cell phone against a wall, breaking it.  Finally, Appellant returned the victim's car keys. Upon leaving, the victim went with her child and traveled immediately to the home of the closest person she knew in the area, which was her former boyfriend.  She told him what occurred, and then went home to pick up her brother to take him to work for a nightshift at 10:00 p.m.  After dropping off her brother, she went to the Pennsylvania State Police and reported the incident.  She then went to a hospital for testing and informed a nurse of the assaults.

The following morning, police arrested Appellant while he was seated on the front porch of the victim's home.  He admitted to having sexual relations with the victim the night before, but maintained that the sex was consensual.  According to him, the victim stripped down naked on his bed while breastfeeding, and the child then fell asleep before the two had sex the first time.  In addition, he indicated that the second time they had sexual relations she instigated it and began having oral sex with him.

The Commonwealth charged Appellant with rape, involuntary deviate sexual intercourse ("IDSI"), sexual assault, indecent assault by forcible compulsion, false imprisonment, and unlawful restraint.  The matter proceeded to a jury trial.  The court dismissed the IDSI charge before jury deliberations.  The jury returned guilty verdicts on the sexual assault, indecent assault, and unlawful restraint charges, and acquitted Appellant of

the remaining counts. Thereafter, on May 23, 2014, the court sentenced Appellant to three to six years incarceration.

Appellant did not file a post-sentence motion, but filed the instant appeal. The trial court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant failed to timely comply and submitted an untimely concise statement, raising generic sufficiency and weight of the evidence claims. Accordingly, the trial court authored an opinion indicating that Appellant waived all of his issues. Pursuant to Pa.R.A.P. 1925(c), the failure to file timely concise statement for a direct appeal following a judgment of sentence may be *per se* ineffective assistance of counsel. This Court may elect to remand for the writing of an opinion to address any issues. However, as our review of Appellant's sufficiency claim is not inhibited by the lack of a 1925(b) statement and his weight issue is waived on separate grounds, we decline to remand. The issues Appellant levels are as follows.

1. Was the verdict of the jury not supported by sufficient evidence?

2. Was the jury's verdict against the weight of the evidence?

Appellant's brief at 3.

In conducting a sufficiency of the evidence review, we view all of the evidence admitted, even improperly admitted evidence. ***Commonwealth v. Watley***, 81 A.3d 108, 113 (Pa.Super. 2013) (*en banc*). We consider such evidence in a light most favorable to the Commonwealth as the verdict winner, drawing all reasonable inferences from the evidence in favor of the

Commonwealth. *Id*. When evidence exists to allow the fact-finder to determine beyond a reasonable doubt each element of the crimes charged, the sufficiency claim will fail. *Id*.

The evidence "need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented." *Id*. In addition, the Commonwealth can prove its case by circumstantial evidence. Where "the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances[,]" a defendant is entitled to relief. *Id*. This Court is not permitted "to re-weigh the evidence and substitute our judgment for that of the fact-finder." *Id*.

The crime of sexual assault requires proof of non-consensual sexual intercourse and that the defendant acted either intentionally, knowingly or recklessly. 18 Pa.C.S. § 3124.1. Here, the victim's testimony alone proved that the sex was non-consensual and that Appellant knew that she did not consent. *See Commonwealth v. Charlton*, 902 A.2d 554, 562 (Pa.Super. 2006). Thus, sufficient evidence was introduced to establish Appellant committed sexual assault.

Indecent assault by forcible compulsion is defined as follows.

> A person is guilty of indecent assault if the person has indecent contact with the complainant, causes the complainant to have indecent contact with the person or intentionally causes the complainant to come into contact with seminal fluid, urine or feces for the purpose of arousing sexual desire in the person or the complainant and:

. . . .

(2) the person does so by forcible compulsion;

18 Pa.C.S. § 3126(a)(2). Forcible compulsion is defined as the "use of physical, intellectual, moral, emotional or psychological force, either express or implied." 18 Pa.C.S. § 3101. Again, the victim's testimony demonstrates that Appellant forced the victim to have sex with him; and, refused to let her leave with her child unless she engaged in intercourse with him. Appellant's sufficiency claim as to the indecent assault charge is patently without merit.

Unlawful restraint as charged in this case required proof that Appellant held the victim "in a condition of involuntary servitude." 18 Pa.C.S. § 2902(a)(2). Appellant argues that involuntary servitude "is akin to slavery whereby an individual is to perform labor or perform sexual labor, i[.]e. prostitution." Appellant's brief at 10. He asserts that the victim was not restrained from leaving or forced to engage in labor or prostitution. Appellant took the victim's car keys and then forced her to have sex with him before she could leave with her child. Thus, he did require her to perform sexual labor. Accordingly, Appellant's sufficiency argument fails.

Appellant's next issue relates to the weight of the evidence. A weight of the evidence claim must be preserved in a post-sentence motion or raised either orally or in a motion before sentencing. **Commonwealth v. Lofton**, 57 A.3d 1270 (Pa.Super. 2012); Pa.R.Crim.P. 607. Appellant did not file a post-sentence motion and did not present his weight issue until he filed his

untimely concise statement.  Accordingly, this issue is waived.  Furthermore, even if Appellant preserved the issue, he makes no argument in his brief relative to the weight of the evidence.  Instead, after arguing his sufficiency claim, he summary states, "any verdict was against the weight of the evidence."  Appellant's brief at 10.  Thus, his claim is waived on this additional ground.

Judgment of sentence affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/31/2015