J-S54006-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DARNELL WINGFIELD, | |
| Appellant | No. 2017 EDA 2014 |

Appeal from the Judgment of Sentence February 12, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0004645-2013

BEFORE:  BOWES, PANELLA, AND FITZGERALD, *JJ.

MEMORANDUM BY BOWES, J.:　　　　　**FILED SEPTEMBER 28, 2015**

Darnell Wingfield appeals from the judgment of sentence of seven and one-half to fifteen years imprisonment followed by five years probation imposed by the trial court after a jury found him guilty of two counts of robbery and one count each of possession of an instrument of crime ("PIC"), and firearms not to be carried without a license.  We affirm.

At approximately 4:00 a.m. on February 19, 2013, Diamond Davis and Fateemiah Houston, both nineteen-year-old women, had finished working as paid dancers at an after-hours dance club in Philadelphia.  Ms. Davis telephoned Appellant for a ride.  Appellant arrived in a purple Dodge Intrepid and picked up the women.  He then drove to a gas station where the women purchased food and water.  Ms. Houston fell asleep in the car and awoke to

---

\* Former Justice specially assigned to the Superior Court.

see Appellant and Ms. Davis smoking marijuana in the car. Ms. Houston fell back asleep and Ms. Davis ultimately also fell asleep. The two women awoke to see Appellant holding a firearm and demanding their money. He groped both women's chests in an attempt to secure any money that they might be concealing and took their cash and cell phones. Appellant then forced the women out of his car and drove away. At that point, the women were close to Ms. Davis' residence and upon arriving at that location, Ms. Davis' mother called the police.

Philadelphia police officer John Crawford responded and both victims described Appellant, indicating that he had been wearing an orange hoody and described his vehicle. The women informed Officer Crawford that "Darnell" had robbed them both at gunpoint and that he lived in the Olney area. Ms. Houston maintained that the gun was a revolver. She would later reiterate this story in a statement to police at the Philadelphia Northwest Detective Station.

Officer Crawford broadcast the description of Appellant and his car. Officer Arthur Lee used this information to determine that Appellant was the registered owner of a purple Dodge Intrepid and resided at 6127 North Mascher Street, in Olney. Philadelphia police officer Paul Austin and his partner traveled to Appellant's address and located the purple vehicle and saw Appellant wearing an orange hooded sweatshirt. Officer Crawford also transported the women to that location. When they approached, Appellant

was standing next to the vehicle with Officer Austin and his partner. The victims immediately identified Appellant as their assailant. The police placed Appellant under arrest and informed Appellant's grandmother, Julia Jones, who lived at 6127 North Mascher Street, that they would be searching the home after they obtained a warrant. At the time of his arrest, Appellant was in possession of $381.

Detective Patrick Murray arrived at the house with a warrant at approximately 2:00 p.m. Another detective asked Ms. Jones if she owned a firearm. She indicated that she owned a .38 caliber revolver. Ms. Jones told the officers that she kept the weapon under her pillow. When asked for the gun, Ms. Jones led them into her bedroom. The gun was located inside a lunchbox sitting in a laundry basket. A DNA test confirmed that Appellant had handled the gun. In addition to the gun, police located four cell phones in Appellant's car, three of which belonged to the victims.

Appellant was charged with two counts each of robbery, indecent assault, and one count each of PIC and possession of a firearm without a license. The indecent assault charges were *nolle prossed*. Appellant proceeded to a jury trial on December 3, 2013. The jury found Appellant guilty of the robbery, PIC, and firearms charges on December 6, 2013. Thereafter, on February 12, 2014, the court sentenced Appellant to concurrent sentences of seven and one-half to fifteen years incarceration for

the robbery offenses and a consecutive term of five years probation for the firearms count. The court did not impose a sentence for the PIC charge.

Appellant timely filed a post-sentence motion, asserting a weight of the evidence claim. The trial court denied that motion by operation of law and this timely appeal ensued. The court directed Appellant to file and serve a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Appellant complied, and the trial court authored its Rule 1925(a) opinion. The matter is now ready for our review. Appellant presents one issue for this Court's consideration.

> A. Did the lower court err when it found Mr. Wingfield guilty of the criminal offenses of robbery (two counts), firearms not to be carried without a license and possessing instruments of crime, as the verdict was against the weight of the evidence?

Appellant's brief at 2.

Appellant's sole issue is a challenge to the weight of the evidence relative to each of his convictions. A weight claim must be preserved in a timely post-sentence motion. *Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa.Super. 2012). "Appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Clay*, 64 A.3d 1049, 1055 (Pa. 2013) (emphases removed). Accordingly, "[o]ne of the least assailable reasons for granting or denying a new trial is the lower court's conviction that the verdict was or was not against the weight of the

evidence and that a new trial should be granted in the interest of justice." *Id*.

A trial judge should not grant a new trial due to "a mere conflict in the testimony or because the judge on the same facts would have arrived at a different conclusion." *Id*. Instead, the trial court must examine whether "'notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.'" *Id*. (citation omitted). Only where the jury verdict "is so contrary to the evidence as to shock one's sense of justice" should a trial court afford a defendant a new trial. *Id*. A weight of the evidence issue concedes that sufficient evidence was introduced. *Commonwealth v. Charlton*, 902 A.2d 554, 561 (Pa.Super. 2006).

Appellant preserved his claim in a timely post-sentence motion and in his Pa.R.A.P. 1925(b) concise statement. On appeal, he argues that the guilty verdicts in this matter are based on conjecture and so unreliable as to shock one's sense of justice. He contends that his grandmother maintained that she was in possession of the revolver identified by the victims as the weapon used in the robbery. In addition, Appellant notes that his grandmother maintained that he could not have taken the weapon without her knowledge.

The Commonwealth responds that "ample evidence compelled the guilty verdicts[.]" Commonwealth's brief at 11. It highlights the evidence provided by the victims and the discovery of the weapon with his DNA. The Commonwealth adds that the jury was free to reject his grandmother's inconsistent and biased testimony. The trial court in this regard carefully detailed Ms. Jones' testimony and noted that the jury determined that she was not credible.

We find that the trial court did not abuse its discretion in concluding that its conscience was not shocked by the jury verdict. The evidence against Appellant was overwhelming. The victims identified Appellant via his car, clothing, and by first name. Shortly after the crimes were reported, police located Appellant wearing the matching clothes. Inside his car were the victims' cell phones. A gun matching the victims' description of the weapon used during the robberies was inside Appellant's home and his DNA was on the gun. The jury was free to reject Appellant's grandmother's testimony. Appellant's arguments are meritless.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 9/28/2015*