J. S18038/18

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :     IN THE SUPERIOR COURT OF
                     :            PENNSYLVANIA
            v.            :
                     :
JOEL MANSELL,            :         No. 1589 WDA 2017
                     :
          Appellant     :

Appeal from the Judgment of Sentence, September 25, 2017,
in the Court of Common Pleas of Indiana County
Criminal Division at No. CP-32-CR-0001231-2016

BEFORE: STABILE, J., MUSMANNO, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:         **FILED JUNE 1, 2018**

Joel Mansell appeals from the September 25, 2017 judgment of sentence entered in the Court of Common Pleas of Indiana County following his conviction in a waiver trial of two counts of aggravated assault, one count of discharge of a firearm into an occupied structure, and three counts of recklessly endangering another person.[1] The trial court imposed an aggregate sentence of 2½ to 5 years of imprisonment. We affirm.

The trial court set forth the following:

> [Appellant's convictions stem from] an incident that took place on September 8, 2016, in White Township, Indiana County, Pennsylvania. The Commonwealth contended that [appellant] entered the leasing office of the Westgate Apartment Complex and discharged a firearm into the enclosed office area. The Commonwealth further contended

---

[1] 18 Pa.C.S.A. §§ 2702(a)(4), 2707.1(a), and 2705, respectively.

that at the time [appellant] discharged the rifle into the office, there were two office employees in the building, and one individual in the apartment directly above the office.

The Court held a non-jury trial on July 3, 2017. . . . The Commonwealth called Trooper Jeremy Leasure of the Pennsylvania State Police as its first witness. Trooper Leasure is in the Criminal Investigative Unit and is stationed at the Indiana Barracks. Through Trooper Leasure, the Commonwealth introduced a surveillance video from two separate surveillance cameras; one camera was located inside the leasing office and one camera was located just outside the door leading into the leasing office. The Commonwealth established that the time stamp on the video surveillance was one hour behind the actual time of the events.

The Commonwealth played relevant portions of surveillance video from both surveillance cameras. The video clips were admitted as Commonwealth's Exhibit A, Exhibit B, and Exhibit C. The Court watched the video clips and observed the following:

- A brown Hyundai Santa Fe pulled into a parking space outside of the office.[Footnote 1]

    [Footnote 1] [Appellant] admitted that he owns a bronze Santa Fe.

- [Appellant] exited the vehicle, pulled a rifle out of the back seat area of the vehicle, and walked toward the door of the office.[Footnote 2]

    [Footnote 2] [Appellant] was well known to the office workers, Shannon Jackson and Shawna Weston, as [appellant] was a resident of Westgate Apartments, and

was a frequent visitor to the leasing office. In fact, [appellant] visited the leasing office in the morning hours on the day of the incident. Finally, the office employees made in-court identifications of [appellant].

▪ [Appellant] opened the door to the leasing office and partially entered the office.[Footnote 3] [Appellant] then raised the gun over the desks in the office and discharged the weapon. A portion of the ceiling fell where the round entered the ceiling.

[Footnote 3] Shannon Jackson testified that [appellant] yelled "(I'll show or I'll teach you or I'll show you to turn off my f'n electric," when he partially entered the office.

▪ The office employees, Shannon Jackson and Shawna Weston, were in the office at the time the shot was fired. Shawna Weston was at a desk near the door, and Shannon Jackson was in an adjoining office.

▪ [Appellant] exited the office, entered the driver's side of the Sante Fe, and drove the vehicle from the parking space.

The Commonwealth also presented testimony from Trooper Nicholas Iera. Trooper Iera is a member of the Pennsylvania State Police Forensic Services Unit, and is stationed in Greensburg, Pennsylvania. Trooper Iera processed the entire scene, and he concluded that the bullet fired from the weapon traveled through the ceiling of the leasing office and through the floor of Apartment #4, however, he was unable to recover the bullet. Testimony was

presented that the apartment above the leasing office, Apartment #4, was occupied on the date of the incident.

The Court notes that [appellant] was interviewed by Trooper Leasure on the date of the incident. [Appellant] admitted that he fired the rifle into the office, but he contended that he fired a "blank." Trooper Leasure confronted [appellant] with the fact that the bullet made a hole in the ceiling, and then asked him "if he knew at the time that he shot[,] the bullet was going to come out of the end of the gun and he replied .... I guess." Finally, the Pennsylvania State Police executed a search warrant on [appellant's] residence; they recovered a rifle similar to [the] rifle in the video surveillance footage, ammunition, and a shell casing.

Trial court opinion, 12/12/17 at 1-5 (record citations and citation to notes of testimony omitted).

The record reflects that appellant did not file post-sentence motions. The record further reflects that appellant filed a timely notice of appeal. The trial court then ordered appellant to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied. Thereafter, the trial court filed its Rule 1925(a) opinion.

Appellant raises the following issue for our review: "Were the verdicts against the weight of the evidence?" (Appellant's brief at 5.)

A defendant must preserve a challenge to the weight of the evidence orally, on the record, at any time before sentencing; by written motion at any time before sentencing; or in a post-sentence motion. Pa.R.Crim.P. 607; **Commonwealth v. Lofton**, 57 A.3d 1270, 1273

(Pa.Super. 2012) (citation omitted). "Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion." *Lofton*, 57 A.3d at 1273 (citation omitted).

Here, the record reflects that appellant did not preserve his weight claim orally, on the record, prior to sentencing; by written motion at any time before sentence; or in a post-sentence motion.[2]  Therefore, appellant waives this claim on appeal.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/1/2018

---

[2] We note that a reading of appellant's brief indicates that appellant's complaint with respect to his aggravated assault convictions goes to the sufficiency of the evidence, as opposed to the weight of the evidence, because appellant claims that the Commonwealth did not sustain its burden of proving that appellant acted with the requisite mental state.  (Appellant's brief at 13.)  Appellant has waived any and all challenges to the sufficiency of the evidence to sustain his convictions because appellant failed to specify the element or elements upon which the evidence was insufficient in his Rule 1925(b) statement.  *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa.Super. 2009), *appeal denied*, 3 A.3d 670 (Pa. 2010) (reiterating that in order to preserve a challenge to the sufficiency of the evidence on

appeal, an appellant's Rule 1925(b) statement must specify the element or elements upon which the evidence was insufficient).