J-S08024-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN THE INTEREST OF: L.M., A MINOR | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| APPEAL OF: L.M. | : | |
| | : | No. 1034 WDA 2019 |

Appeal from the Order Entered June 7, 2019
In the Court of Common Pleas of Armstrong County Criminal Division at
No(s):  CP-03-JV-0000006-2019

BEFORE:  OLSON, J., McCAFFERY, J., and MUSMANNO, J.

MEMORANDUM BY McCAFFERY, J.:                    FILED FEBRUARY 26, 2020

L.M. (Appellant) appeals from the dispositional order entered in the Armstrong County Court of Common Pleas, following his adjudication of delinquency on charges of terroristic threats and disorderly conduct.[1] Appellant contends the Juvenile Court erred in adjudicating him delinquent because he did not have the subjective intent to terrorize the victim.  For the reasons below, we conclude this issue is waived.

The charges stem from an incident on the evening of January 28, 2019. Earlier that day, an unidentified sixth grade student reported to a teacher that Appellant and his friends, who were in 11th grade, were vaping in a school bathroom.  N.T. Adjudication H'rg, 4/5/19, at 5, 16.  That evening, Appellant

_____

[1] 18 Pa.C.S. §§ 2706(a)(1), 5503(a)(3).  We note the Commonwealth did not file a brief.

posted a message on his Snapchat[2] account stating: "Whoever thinks they are hot for snitching on me[ and my friends] better hope I don't find out[.]" Id. at 8, 22. Later, Appellant posted a photo of himself with the handle of a pellet gun sticking out his waistband, and the caption, "Where are they at now." Id. at 10. Appellant's friend, who owned the pellet gun, testified the weapon looked like a real handgun. Id. at 9-10. School officials and the police were alerted after someone anonymously reported the threat via a state-mandated Safe2Say report. Id. at 20.

Written allegations were filed against Appellant on February 4, 2019, accusing him of committing the crimes of terroristic threats and disorderly conduct, and a delinquency petition followed on February 6, 2019. The Juvenile Court conducted an adjudicatory hearing on April 5, 2019, and found Appellant committed the alleged delinquent acts. Adjudicatory Hearing Order, 4/5/19. Thereafter, on June 7, 2019, the court held a dispositional hearing. The responding police officer and school principal testified Appellant told them the snapchat messages were "a joke." N.T. Adjudication H'rg at 23, 33. Appellant did not testify or present any evidence at the hearing. At the conclusion of the hearing, the Juvenile Court found Appellant committed the alleged delinquent acts. Adjudicatory Hearing Order, 4/5/19.

_____

[2] Snapchat is a mobile messaging app that allows users to send pictures and messages, which are only available to the recipient for a short time. See https://en.wikipedia.org/wiki/Snapchat.

At the dispositional hearing held on June 7, 2019, the court: (1) adjudicated Appellant delinquent on the charges of terroristic threats and disorderly conduct; (2) found Appellant was in need of treatment, supervision or rehabilitation; and (3) directed Appellant to complete one year of probation and perform 30 hours of community service. Appellant filed this timely appeal, and complied with the Juvenile Court's order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). His Rule 1925(b) statement asserted one claim—that the Juvenile Court's determination was "against the weight of the evidence." Appellant's Statement of Matters Complained of on Appeal, 7/8/19.[3]

Appellant frames his sole issue on appeal as follows: "Did the court err in adjudicating [Appellant] delinquent in this matter?" Appellant's Brief at 4. Specifically, Appellant challenges the weight of the evidence supporting the court's determination that he possessed the subjective intent to terrorize the victim, a requisite element for his adjudication on the charge of terroristic threats. Specifically, Appellant asserts the Juvenile Court erred when it failed to review the factors set forth in Commonwealth v. Knox, 190 A.3d 1146

_____

[3] Counsel for Appellant initially failed to file a brief in this Court, and we remanded the matter for the Juvenile Court to determine if counsel abandoned Appellant. Order, 10/10/2019. The Juvenile Court conducted a hearing, at which time Appellant's counsel informed the court his failure to file a brief was an oversight due to turnover in the Public Defender's Office. The Juvenile Court entered an order on October 29, 2019, informing this Court of its conclusion that counsel had not abandoned his client. Order, 10/29/19. Upon return of the matter to this Court, a new briefing schedule was issued, and counsel filed Appellant's brief on December 18, 2019.

(Pa. 2018), cert. denied, 139 S.Ct. 1547 (2019), before determining whether the communication constituted a "true threat" as opposed to a joke. Appellant contends that "even though [he] did not testify directly, his statements to the principal and to police[, where he claimed the photo was a joke,] were relevant to the issue of intent." Appellant's Brief at 11.

Preliminarily, we note the Juvenile Court found Appellant's weight claim waived because he failed to raise it in a post-dispositional motion as required by Pennsylvania Rule of Juvenile Court Procedure 415. Juvenile Ct. Op. at 2-3. "The question of whether [Appellant] waived appellate review of his weight of the evidence claim is a question of law, and, accordingly, our standard of review is plenary." In re J.B., 106 A.3d 76, 95 (Pa. 2014).

The Pennsylvania Rules of Juvenile Court Procedure, like the Rules of Criminal Procedure, provide that a juvenile, who has been adjudicated delinquent, may file a post-dispositional motion within ten days of the dispositional order. Pa.R.J.C.P. 620(A)(1), (B)(1). See also Pa.R.Crim.P. 720(A)(1). Generally, a juvenile is not required to file such a motion to preserve issues for appeal, so long as his claims were "properly raised before or during the adjudicatory hearing." Pa.R.J.C.P. 620(A)(2). However, in May of 2018, the Pennsylvania Supreme Court adopted Pa.R.J.C.P. 415, which requires a juvenile to raise a weight of the evidence challenge in the first instance before the Juvenile Court. The Rule provides, in pertinent part:

> A. Timing and Manner. A claim that a ruling on the offense or an adjudication of delinquency was against the weight of the evidence shall be raised with the juvenile court judge:

(1) by oral motion, on the record, at any time after the ruling or adjudication and before disposition;

(2) by written motion at any time after the ruling or adjudication and before disposition; or

(3) in a post-dispositional motion pursuant to Rule 620(A)(1).

Pa.R.J.C.P. 415(A). The Comment to the Rule explains "[t]he purpose of this rule is to make it clear that a challenge to the weight of the evidence must be raised with the juvenile court judge or it will be waived."[4] Pa.R.J.C.P. 415, comment (emphasis added). Rule 415 had an effective date of October 1, 2018, and is, therefore, applicable to the present case.

Here, the Juvenile Court found Appellant's weight challenge was waived because it "was not raised anywhere in [the Juvenile Court] prior to it being raised in [the] concise statement." Juvenile Ct. Op. at 3. Indeed, Appellant concedes "the proper procedure was not followed in this case." Appellant's Brief at 9. Nevertheless, he argues:

[H]ad the proper procedure been followed under the new rules, the [Juvenile] Court would have essentially issued the same opinion as it did at the [adjudication] level, . . . and therefore the matter should proceed.

_____

[4] Rule 415 corresponds with Pennsylvania Rule of Criminal Procedure 607, which similarly requires a defendant in a criminal trial to raise a weight claim before the trial court to avoid waiver on appeal. See Pa.R.Crim.P. 607; Commonwealth v. Kinney, 157 A.3d 968, 972 (Pa. Super. 2017) (defendant's failure to raise weight claim before trial court waives issue for appellate review).

Appellant's Brief at 9. Thus, Appellant insists we can address his weight claim on appeal because the Juvenile Court ultimately addressed the claim in its opinion.

We disagree. Rule 415 clearly requires a delinquent juvenile to raise a weight of the evidence challenge either by oral or written motion after adjudication but before disposition, or in a post-dispositional motion. Pa.R.J.C.P. 415(A). As in adult criminal court, the failure to do so results in waiver of the issue on appeal. See Pa.R.J.C.P. 415, comment; Pa.R.Crim.P. 607, comment. Although our research has uncovered no published cases interpreting Rule 415, we are guided by the decisions of this Court construing Rule 607, which hold that the "[f]ailure to properly preserve [a weight] claim will result in waiver, even if the trial court addresses the issue in its opinion." See Commonwealth v. Thompson, 93 A.3d 478, 490 (Pa. Super. 2014) (emphasis added), quoting Commonwealth v. Lofton, 57 A.3d 1270, 1273 (Pa. Super. 2012). The Thompson Court explained that a trial court is "divested of jurisdiction" once a notice of appeal is filed; thus, even though the court addressed the weight claim in its Rule 1925(a) opinion, "it could not grant nor deny the claim" at that time. Thompson, 93 A.3d at 490. Consequently, we agree with the ruling of the Juvenile Court that Appellant has waived this issue for appellate review.

Dispositional order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>2/26/2020</u>