J-S15008-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KENNEDY BANDA | : | |
| | : | |
| Appellant | : | No. 1988 EDA 2025 |

Appeal from the Judgment of Sentence Entered June 25, 2025
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0002571-2024

BEFORE:   OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

JUDGMENT ORDER BY OLSON, J.:                    **FILED MAY 11, 2026**

Appellant, Kennedy Banda, appeals from the judgment of sentence entered June 25, 2025.  We affirm.

On March 6, 2022, Appellant was found guilty of indecent assault without consent following a bench trial.[1]  The matter proceeded to sentencing on June 25, 2022.  That day, the trial court sentenced Appellant to time served to 23 months' incarceration.  The trial court also classified Appellant as a Tier I sexual offender subject to a 15-year registration period pursuant to the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A.§ 3126(a)(1).

Sexual Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. § 9799.23.[2] This timely appeal followed.

On appeal, Appellant maintains that his guilty verdict was contrary to the weight of the evidence. Before we address the merits of Appellant's claim, however, we first consider whether he preserved his appellate issue for our review. Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure provides, in relevant part, as follows:

> **(b) Direction to File Statement of Errors Complained of on Appeal; Instructions to the Appellant and the Trial Court.** If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").
>
> ***
>
> **(4) Requirements; waiver.**
>
> ***
>
> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b)(4). This Court has consistently held that the "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*)

---

[2] The Commonwealth indicated at Appellant's sentencing hearing that Appellant was not found to be a sexually violent predator ("SVP"). **See** N.T. Sentencing Hearing, 6/25/25, at 1.

(citation omitted); *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005); *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998).

Herein, Appellant filed his notice of appeal on July 22, 2025. On July 28, 2025, the trial court ordered Appellant to file and serve a concise statement of errors complained of on appeal within 21 days as permitted by Pa.R.A.P. 1925(b). Trial Court Order, 7/28/25, at *1 (unpaginated). The order also informed Appellant that "any issue not properly included in the [s]tatement timely filed and served pursuant to Pa.R.A.P 1925(b) shall be deemed waived." *Id.* A review of the trial court docket reveals that the clerk of court forwarded the trial court's Pa.R.A.P. 1925(b) order to Appellant on July 28, 2025. Hence, Appellant needed to file his concise statement on or before August 18, 2025. *See* Pa.R.A.P. 108(a)(1) ("Except as otherwise prescribed in this rule, in computing any period of time under these rules involving the date of entry of an order by a court or other government unit, the day of entry shall be the day the clerk of the court or the office of the government unit mails or delivers copies of the order to the parties[.]"). Appellant, however, did not file his concise statement until September 2, 2025. Thus, Appellant's concise statement is untimely, which precludes us from addressing his current claim on appeal.[3] We therefore affirm Appellant's judgment of sentence.

_____

[3] Appellant currently challenges the weight of the evidence supporting his conviction. *See* Appellant's Brief at 4. Appellant, however, did not file a
*(Footnote Continued Next Page)*

Judgment of sentence affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/11/2026

_____

post-sentence motion or preserve his claim orally prior to sentencing. As such, Appellant failed to properly preserve his claim for appellate review. ***See Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012) ("[A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing."). Hence, even if Appellant filed a timely Rule 1925(b) concise statement, this Court would be precluded from addressing Appellant's claim.