J-S03023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANE AMEE WALDEN | |
| Appellant | No. 1603 EDA 2015 |

Appeal from the Judgment of Sentence March 20, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0002666-2014

BEFORE:  FORD ELLIOTT, P.J.E., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:               **FILED FEBRUARY 16, 2016**

Shane Amee Walden brings this appeal from the judgment of sentence imposed on March 20, 2015, in the Court of Common Pleas of Northampton County.  A jury found Walden guilty of possession with intent to deliver (PWID) cocaine.[1]  The trial court sentenced Walden to 12 to 24 months' incarceration, followed by five years' state probation.  In this appeal, Walden challenges the sufficiency and weight of the evidence.  Based upon the following, we affirm.

The trial court has summarized the evidence presented at trial, as follows:

> Detective Jason Hillis ("Detective Hillis") testified that on July 20, 2014, he responded to a call of shots fired in the area of

---

[1] 35 P.S. § 780-113(a)(30).

15th and Washington Streets in the City of Easton. Upon arriving at the scene, Detective Hillis observed a group of people pointing to where [Walden] was sitting by a tree because he suffered a gunshot wound and was bleeding. [N.T. at 143:14-20, February 3, 2015; N.T., at 147:16–148:24]. Detective Hillis then testified that after observing [Walden,] he went back to the scene, examined the area, and observed a trail of blood starting from the porch of a home located at 1505 Washington Street and leading in a westerly direction down the sidewalk. [Id. at 149:22–150:7; 151:5-21]. Along the blood trail, Detective Hillis observed a package of suspected cocaine, which he took possession of in accordance with the chain of custody. [Id. at 152:18–154:5]. The blood trail ended at the location where [Walden] was laying. [Id. at 151:14-21].

After Detective Hillis and the other responding officers secured the crime scene and the suspected cocaine, Sergeant Marc Crisafulli ("Sergeant Crisafulli") went to St. Luke's Hospital in Fountain Hill, to speak with [Walden]. [N.T. at 231:15-24, February 4, 2015]. [Walden] reported that he had been shot as he sat on the porch of 1505 Washington Street, and he further reported that immediately following the shooting, he had traveled in a westerly direction, until he collapsed at the location where the blood trail ended. However, he refused to disclose the identity of his shooter. [Id. at 232:11–233:6]. The testimony also revealed that after leaving the hospital, Sergeant Crisafulli reviewed the footage from a Police Department camera located at 15th and Washington Streets, at which time he was able to observe the incident, including [Walden] drop a bag in the same location where the cocaine had been collected. [Id. at 233:19–234:14; 240:23–241:10]. That same footage was shown to the jury at trial.

Finally, the testimony of Brendan McCann ("McCann"), who tested the substance, established that the substance weighed just over nine (9) grams and it tested positive for cocaine. [N.T. at 113:7-18, February 3, 2015; N.T. at 113:22–114:16; 117:9–119:15; 123:8-17; 119:16-18; 121:22–122:12; 223:20–225:21; 226:21–227:20]. The jury also heard the testimony of Detective Anthony Arredondo ("Detective Arredondo"), who explained that possession with intent to deliver a controlled substance is generally differentiated from simple possession by circumstances including the quantity and weight of the drugs, a lack of user paraphernalia or possession of user paraphernalia,

and the nature of the area in which the drugs are found [N.T. at 247:16–248:7; 248:11-25, February 4, 2015]. Detective Arredondo further testified that the circumstances of the instant case, including the age of [Walden], the quantity and weight of the drugs, and the packaging of the drugs, militated in favor of the conclusion that [Walden] possessed the drugs for delivery. [Id. at 250:16–251:11].

Trial Court Opinion, 6/24/2015, at 6–7. Walden was convicted and sentenced as stated above. This appeal followed.[2]

Walden first challenges the sufficiency of the evidence. The Commonwealth, however, asserts that Walden has waived this issue, as he did not directly raise any sufficiency claim in his Pa.R.A.P. 1925(b) Statement.

In his Rule 1925(b) Statement, Walden alleged that "the weight of the evidence presented at trial was insufficient to prove a guilty verdict of Possession With Intent to Deliver Cocaine (F), 35 P.S. § 780-113(a)(30)." Walden's Rule 1925(b) Statement, 6/9/2015, at 2. This vague allegation appears to challenge only the weight — not the sufficiency — of the evidence. Indeed, the trial court interpreted this claim strictly as a challenge to the weight of the evidence, and addressed the issue as a weight claim.[3]

_____

[2] Walden timely complied with the order of the trial court to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

[3] We note the trial court did state, as part of its analysis of the weight of the evidence claim, that there was sufficient evidence presented to support the jury's verdict. **See** Trial Court Opinion, 6/24/2015, at 5–6.

As such, we agree with the Commonwealth that a finding of waiver regarding the issue of the sufficiency of the evidence is warranted. *See Commonwealth v. Johnson*, 51 A.3d 237, 246–247 (Pa. Super. 2012) (*en banc*) (finding waiver of issues not specifically raised in Rule 1925(b) statement). *See also Commonwealth v. Garang*, 9 A.3d 237, 246 (Pa. Super. 2010) ("[W]hen challenging the sufficiency of the evidence on appeal, the Appellant's 1925 statement must specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal.") (quotations and citation omitted).

In any event, were we to address Walden's sufficiency claim, we would find it to be meritless. Our standard of review of sufficiency claims is well-settled:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim[,] the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

*Commonwealth v. Widmer*, 744 A.2d 745, 751 (Pa. 2000) (internal citations omitted).

The elements of PWID are set forth by statute as follows.

**§ 780-113. Prohibited acts; penalties**

- 4 -

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

. . .

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780-113(a)(30).

To sustain a conviction for PWID, the Commonwealth must prove both the possession of the controlled substance and the intent to deliver the controlled substance. If the contraband is not found on the appellant's person, the Commonwealth must prove that the appellant had constructive possession of the contraband, which has been defined as the ability and intent to exercise control over the substance. The Commonwealth may establish constructive possession through the totality of the circumstances.

*Commonwealth v. Estepp*, 17 A.3d 939, 944 (Pa. Super. 2011) (quotation and citations omitted).

While Walden divides his sufficiency discussion into two subparts, the gist of both parts of the argument appears to be only that the Commonwealth's proof was insufficient to establish the element of possession. We find no merit in this argument.

Contrary to Walden's assertion set forth in subpart A of his sufficiency challenge, that "the video did not show [Walden] and no one was able to

- 5 -

identify him on the scene in the video,"[4] Walden was, at trial, identified in the video by Detective Jason Hillis and Sergeant Marc Crisafulli as the person discarding a baggie in the same place where a baggie with 52 individual packets of cocaine was recovered by police. *See* N.T., 2/3/2015, at 162–163; N.T., 2/4/2015, at 181, 208–209, 211, 213–214, 221, 226, 229, 234, 240–241. Further, Walden's bald statement in subpart B that "the Commonwealth failed to link him as the owner or the person who possessed the drugs with intent to deliver the drugs"[5] ignores the video footage and above-referenced testimony. It also ignores the testimony of Hillis and Crisafulli that the drugs were found in the street by a trail of blood that ran from the porch at 1505 Washington Street and went west down the sidewalk, leading to Walden, who was found bleeding and laying by a tree. *See* N.T., 2/3/2015, at 151–153; N.T., 2/4/2015 at 188, 228–229. In this regard, Walden, in a police interview, confirmed his presence at the scene and his path of travel, running west from the porch where the shooting

---

[4] Walden's Brief at 12 (unnumbered).

[5] The entire argument presented in subsection B of Walden's sufficiency challenge is as follows:

> [Walden] had a jury trial and during the presentation of its evidence the Commonwealth failed to link [Walden] as the owner or the person who possessed the drugs with intent to deliver the drugs.

Walden's Brief at 13 (unnumbered).

occurred, down the sidewalk, then into the street, and back towards the sidewalk where he collapsed. **See** N.T., 2/4/2015, at 232–234. Accordingly, we conclude Walden's sufficiency argument, even if preserved, would warrant no relief.

Next, Walden challenges the weight of the evidence. The Commonwealth takes the position this claim is waived. We agree. Our review confirms that Walden has waived this matter by failing to raise it in a post-sentence motion, or by a written or oral motion prior to sentencing. **See** Pa.R.Crim.P. 607(A). Further, the fact the trial court addressed this claim in its Pa.R.A.P. 1925(a) opinion does not overcome waiver. As this Court, in **Commonwealth v. Thompson**, 93 A.3d 478 (Pa. Super. 2014), explained:

> [A] weight of the evidence claim must be preserved either in a post-sentence motion, by a written motion before sentencing, or orally prior to sentencing. Pa.R.Crim.P. 607; **Commonwealth v. Priest**, 2011 PA Super 85, 18 A.3d 1235, 1239 (Pa. Super. 2011). Failure to properly preserve the claim will result in waiver, even if the trial court addresses the issue in its opinion. **Commonwealth v. Sherwood**, 603 Pa. 92, 982 A.2d 483, 494 (Pa. 2009).
>
> **Commonwealth v. Lofton**, 2012 PA Super 267, 57 A.3d 1270, 1273 (Pa. Super. 2012).
>
> Appellant is mistaken in his belief that the trial court's addressing of the merits of his weight claim in its Rule 1925(a) opinion permits us to review the claim. "[A]ppellate review [of a weight claim] is limited to whether the trial court palpably abused its discretion...." **Commonwealth v. Champney**, 574 Pa. 435, 832 A.2d 403, 408 (Pa. 2003). Here, the trial court never 'ruled' on the issue and, therefore, it could not grant nor

- 7 -

deny the claim at the time it was first raised by Appellant in his concise statement. Although the court addressed the issue's merits in its Rule 1925(a) opinion, the trial court was, by that time, divested of jurisdiction to take further action in the case. **See** Pa.R.A.P. 1701(a) "Except as otherwise prescribed by these rules, after an appeal is taken or review of a quasijudicial order is sought, the trial court or other government unit may no longer proceed further in the matter."). Thus, the trial court was never given the opportunity to provide Appellant with relief and, consequently, there is no discretionary act that this Court could review. Appellant's weight of the evidence claim is waived.

*Thompson*, 93 A.3d at 490–491.   Accordingly, we deem Walden's weight claim waived.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/16/2016