J-S19016-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| VINCENT TROY WILKERSON | : | |
| | : | |
| Appellant | : | No. 1219 WDA 2020 |

Appeal from the Judgment of Sentence Entered October 13, 2020
In the Court of Common Pleas of Fayette County Criminal Division at
No(s): CP-26-CR-0001640-2019

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY MURRAY, J.:                    **FILED: AUGUST 17, 2021**

Vincent Troy Wilkerson (Appellant) appeals from the judgment of sentence imposed after a jury convicted him of possession of controlled substance contraband by an inmate and possession of a controlled substance.[1] We affirm.

The trial court recounted the evidence presented at trial as follows:

On January 10, 2019, two corrections officers at the State Correctional Institution at Fayette, who were on the facility search team, were directed to search cell 2039 on Alpha Block on A Pod. When they approached the cell, one inmate was near the door, [and] he was immediately removed from the cell into the hallway. The Appellant was laying on his bed when the officers first observed him. They had the Appellant remove his clothing and began searching him. While conducting the search, one officer

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 5123(a.2) and 35 P.S. § 780-113(a)(16).

observed him attempt to place something in his rectum. The Appellant was ordered to stop but failed to comply and then lunged at the officer while still attempting to place something in his rectum. The second officer testified that the Appellant was asked, while naked, to bend over and spread his cheeks to display his rectal area. Appellant complied but kept his rear end on an angle to the officer. When the officer had him repeat the action, the officer observed a white object protruding from Appellant's rectum. When the officer reached for the item, the Appellant lunged at him and a struggle occurred. However, the officer was able to recover a folded square toilet tissue which had fecal matter on it from the floor.

When the square of toilet tissue was opened, cellophane was wrapped around what was later determined to be thirteen (13) strips of suboxone. A photograph was taken of the toilet tissue with fecal matter on it and the suboxone strips. This photo was admitted at trial as Exhibit 5. The items were placed in an evidence bag and secured in the correctional facility.

When the state police arrived, [] Trooper [Robert Schmidt] interviewed the corrections officers and examined the evidence collected. The Trooper testified that he did not retain the tissue with the fecal matter on it as he had a photograph of the evidence and considered the tissue to be a biohazard. He testified that he did not send it for testing as it was a biohazard and he did not consider it essential evidence. The Trooper filed charges against the Appellant based on the information he received from the corrections officers.

Trial Court Opinion, 12/16/20, at 2-3 (citations to notes of testimony omitted).

On October 13, 2020, a jury convicted Appellant of the above crimes.[2] The same day, the court sentenced Appellant to 36 to 72 months of incarceration. Appellant filed this timely appeal. Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

Appellant presents two issues for review:

_____

[2] The jury acquitted Appellant of aggravated assault and simple assault. **See** 18 Pa.C.S.A. §§ 2702(a)(3), 2701(a)(1).

1. Whether the trial court erred in denying [Appellant's] request for a missing evidence jury instruction where the Commonwealth destroyed potentially exculpatory physical evidence from the crime scene for testing?

2. Whether the evidence presented at trial was sufficient to sustain the jury's verdicts that [Appellant] was in possession of a controlled substance?

Appellant's Brief at 5.[3]

Appellant first argues the trial court erred by denying his request for a missing evidence jury instruction. *See* Appellant's Brief at 16-23. Appellant specifically asserts the court erred in denying his request "to issue a missing evidence instruction based on the Commonwealth's failure to preserve the soiled tissue paper purportedly found in [Appellant's] cell during the search." *Id.* at 16. Appellant maintains he "was denied the opportunity to have the evidence subjected to DNA testing that could have demonstrated that the contraband belonged to his cell mate," and he therefore "was entitled to a 'missing evidence' instruction that the jury was entitled to draw an adverse inference against the Commonwealth failing to preserve and produce the soiled toilet tissue." *Id.* at 14, 22-23 (citations omitted).

"A trial court's denial of a request for a jury instruction is disturbed on appeal only if there was an abuse of discretion or an error of law." ***Commonwealth v. Johnson***, 107 A.3d 52, 89 (Pa. 2014) (citation omitted).

---

[3] By correspondence to this Court dated June 1, 2021, the Commonwealth indicated it "would not be filing a response brief" and "rest[s] upon the well-reasoned opinion" of the trial court.

In reviewing a challenge to the trial court's refusal to give a specific jury instruction, it is the function of this Court to determine whether the record supports the trial court's decision. In examining the propriety of the instructions a trial court presents to a jury, our scope of review is to determine whether the trial court committed a clear abuse of discretion or an error of law which controlled the outcome of the case. A jury charge will be deemed erroneous only if the charge as a whole is inadequate, not clear or has a tendency to mislead or confuse, rather than clarify, a material issue. A charge is considered adequate unless the jury was palpably misled by what the trial judge said or there is an omission which is tantamount to fundamental error. Consequently, the trial court has wide discretion in fashioning jury instructions. The trial court is not required to give every charge that is requested by the parties and its refusal to give a requested charge does not require reversal unless the [a]ppellant was prejudiced by that refusal.

***Commonwealth v. Sandusky***, 77 A.3d 663, 667 (Pa. Super. 2013) (citation omitted).

Pursuant to Pennsylvania Suggested Standard Criminal Jury Instruction 3.21B, "the jury is allowed to draw a common-sense inference that [an] item would have been evidence unfavorable to that party" when "there is no satisfactory explanation for [that] party's failure to produce an item," and (1) "the item is available to that party and not to the other"; (2) "it appears the item contains or shows special information material to the issue"; and (3) "the item would not be merely cumulative evidence." Pa.SSJI (Crim) § 3.21B.

Here, the trial court explained its decision to deny the requested jury instruction as follows:

The Appellant asserts that the soiled tissue could have been subjected to testing to determine if the fecal matter matched the Appellant's DNA. However, the square of soiled tissue obtained was observed by the correction officer protruding from the

- 4 -

Appellant's rectum, which then fell to the floor during the officers' attempt to restrain the Appellant. Even if there was another DNA source on the tissue, the item had clearly been contaminated by the placement of the tissue in the Appellant's rectum. The jury had the opportunity to observe the photograph of the soiled tissue. The Trooper did not retain the tissue because he reasonably believed it to be a biohazard.

The Pennsylvania Supreme Court has determined that bad faith is required for a due process violation where merely potentially useful evidence is destroyed before the defense has an opportunity to have it examined. *Commonwealth v. Snyder*, 963 A.2d 396 (Pa. 2009). The toilet tissue in this case was not destroyed in bad faith. The tissue would have been cumulative evidence and the officer testified that he did not retain the item because it was a biohazard. The court is not required to give every jury instruction that is requested by the parties and the court's refusal to give a requested charge does not require reversal unless the Appellant was prejudiced by that refusal. The testimony that the item protruding from the Appellant's rectum, the photographic exhibit, and the Trooper's reason for not retaining the tissue, all support the court's refusal to give the requested instruction. The jury instruction on failure to produce tangible evidence is only appropriate where there is no satisfactory explanation as to an adverse party's failure to produce such evidence. There were ample reasons that the instruction would not have been appropriate due to the circumstances of this case.

Trial Court Opinion, 12/16/20, at 3-4. Our review of the record reveals support for the trial court's decision. *Sandusky*, 77 A.3d at 667.

Trooper Schmidt testified the soiled toilet paper was photographed and then discarded because it "presented a biohazard." N.T., 10/13/20, at 60. Thus, the trial court concluded the "toilet tissue in this case was not destroyed in bad faith. The tissue would have been cumulative evidence and the officer testified that he did not retain the item because it was a biohazard." Trial Court Opinion, 12/16/20, at 4. The trial court properly exercised its discretion because there was a satisfactory explanation for why the Commonwealth did

not produce the evidence. *See* Pa.SSJI (Crim) § 3.21B. ***See also Commonwealth v. Rush***, 162 A.3d 530, 540 (Pa. Super. 2017) ("The trial court is not required to give every charge that is requested by the parties[. The] courts are invested with broad discretion in crafting jury instructions, and such instructions will be upheld so long as they clearly and accurately present the law to the jury for its consideration.") (citations omitted).

In his second issue, Appellant purports to challenge the sufficiency of the evidence supporting his convictions for possessing a controlled substance. *See* Appellant's Brief at 23-25. However, in arguing the evidence was insufficient, Appellant simply assails the credibility of correctional officers Kevin Doran and Aaron Poland. *Id.* at 15 ("The testimony of correctional officers Doran and Poland who conducted the cell search was completely contradictory[.]"); at 23 ("In this case, the Commonwealth relied upon the conflicting testimony of correction officers Poland and Doran in its effort to prove that [Appellant] was in possession of a controlled substance when they searched his cell on January 10, 2019."); at 24 ("The correctional officers provided completely contradictory testimony regarding this incident[.]"). Thus, Appellant is challenging the weight of the evidence, not the sufficiency.

We recently reiterated:

> The distinction between these two challenges is critical. A claim challenging the sufficiency of the evidence, if granted, would preclude retrial under the double jeopardy provisions of the Fifth Amendment to the United States Constitution, and Article I, Section 10 of the Pennsylvania Constitution, whereas a claim

challenging the weight of the evidence if granted would permit a second trial.

A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

A motion for new trial on the grounds that the verdict is contrary to the weight of the evidence concedes that there is sufficient evidence to sustain the verdict. Thus, the trial court is under no obligation to view the evidence in the light most favorable to the verdict winner. …

*Commonwealth v. Rivera*, 238 A.3d 482, 495 (Pa. Super. 2020) (citing

*Commonwealth v. Widmer*, 744 A.2d 745, 751-52 (Pa. 2000)) (citations

omitted).

Here, Appellant's challenge goes exclusively to the weight of the

evidence. *See Commonwealth v. Melvin*, 103 A.3d 1, 43 (Pa. Super. 2014)

("An argument regarding the credibility of a witness'[] testimony goes to the

weight of the evidence, not the sufficiency of the evidence.");

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014)

("variances in testimony go to the credibility of the witnesses and not the

sufficiency of the evidence"); *Commonwealth v. Knox*, 219 A.3d 186, 198

(Pa. Super. 2019) (weight claim based on contradictory testimony). We are

therefore find Appellant waived this issue because he failed to raise it in a

post-sentence motion, by written motion before sentencing, or orally prior to sentencing.[4]  *See* Pa.R.Crim.P. 607; ***Commonwealth v. Lofton***, 57 A.3d 1270, 1273 (Pa. Super. 2012).  Our Supreme Court has confirmed that an "appellant's challenge to the sufficiency of the evidence must fail" where an appellant phrases an issue as a challenge to the sufficiency, but the argument goes to the weight of the evidence.  ***Commonwealth v. Small***, 741 A.2d 666, 672 (Pa. 1999).  Accordingly, no relief is due.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  8/17/2021

---

[4] Even if preserved, Appellant's weight claim would fail.  The jury, as the trier of fact—while passing on the credibility of the witnesses and the weight of the evidence—is free to believe all, part, or none of the evidence. ***Commonwealth v. Melvin***, 103 A.3d 1, 39 (Pa. Super. 2014) (citation omitted).  "The trial judge may not grant a new trial on the basis of a weight claim because of a mere conflict in the testimony or because the judge would have arrived at a different verdict." ***Knox***, 219 A.3d at 198 (citation omitted).