J-S18009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARK ALLEN BLAKENEY | : | |
| | : | |
| Appellant | : | No. 1287 WDA 2024 |

Appeal from the Judgment of Sentence Entered October 11, 2024
In the Court of Common Pleas of Venango County Criminal Division at
No(s): CP-61-CR-0000596-2023

BEFORE: DUBOW, J., NICHOLS, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.: **FILED: June 25, 2025**

Appellant, Mark Allen Blakeney, appeals from the judgment of sentence entered October 11, 2024, in the Court of Common Pleas of Venango County following his *nolo contendere* plea to one count of Statutory Sexual Assault—11 Years Older.[1] Appellant challenges the sufficiency of the evidence supporting the court's finding that he is a Sexually Violent Predator ("SVP").[2] Following careful review, we affirm.

We glean the relevant factual and procedural history from the trial court's opinion. On December 12, 2023, the Commonwealth charged Appellant with 3 counts of criminal conduct, later amended to 8 counts,

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3122.1(b).

[2] Pursuant to 42 Pa.C.S. §§ 9799.12 and 9799.24.

relating to the sexual abuse of Victim, a minor who was Appellant's American Sign Language ("ASL") student. On May 28, 2024, Appellant entered a *nolo contendere* plea to Statutory Sexual Assault—11 Years Older. The court *nolle prossed* the remaining 7 counts.

On October 10, 2024, the Court held a hearing to determine whether Appellant was an SVP. The Court reviewed a report by William Allenbaugh, a member of the Sexual Offender Assessment Board ("SOAB"), and heard Mr. Allenbaugh's testimony at the hearing.

Mr. Allenbaugh has been a member of SOAB for 29 years and was qualified as an expert in the assessment and treatment of sexual offenders. He testified that Appellant "engaged in grooming conduct towards [Victim]" over three years, and that his conduct was "deliberate and progressive" because he "overtime increased the nature of his sexual offenses[.]" Trial Ct. Op., 11/27/24, at 7. He explained that, at the time of the offenses, Appellant was between the ages of 50 and 53 years old, and Victim was between the ages of 12 and 15 years old. He also testified that Victim did not suffer from any mental incapacity but was "especially vulnerable due to her young age, disability, and relationship to" Appellant, her ASL teacher who had lived with her family for 6 months. *Id.* at 7-8. Mr. Allenbaugh explained that Appellant "utilized his position of trust as an interpreter to gain access to [Victim,]" which was "heightened by the fact that [he] took residency in [Victim's] home where he could readily sexually abuse [Victim]." *Id.* at 9.

Mr. Allenbaugh further testified that Appellant did not "display any unusual cruelty[,]" use any illegal substances, or "exceed the means necessary to achieve the offense," but that he threatened to kill Victim if she told anyone. *Id.* at 7-8. He explained that Appellant's behavior "is consistent with a paraphilic disorder in the DSM [Diagnostic and Statistical Manual]-V-TR[,]" specifically to non-consenting minors, which is a lifetime disorder. *Id.* at 9; N.T. Hr'g, 10/10/24, at 21-22.

He also noted that Appellant's only prior conviction was in 2003 in Texas for Failure to Report Child Abuse, for which he completed his probation term, and that he has never participated in a program for sexual offenders. Ultimately, he concluded that Appellant is likely to reoffend and determined, with a reasonable degree of professional certainty, that Appellant is an SVP. N.T. Hr'g at 22-23. Following the hearing, the court concluded that Appellant is an SVP.

On October 18, 2024, the Court issued an order classifying Appellant as a Tier III sexual offender pursuant to the Sexual Offender Registration and Notification Act ("SORNA").[3] The same day, the court sentenced him to a term of 2 to 10 years of incarceration, followed by 10 years of probation, with credit for time served. Appellant did not file any post-sentence motions.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

---

[3] 42 Pa.C.S. § 9799.11-9799.42.

Appellant raises one issue for our review:

Did the court err in finding that the evidence presented was sufficiently clear and convincing to support that [ A]ppellant is a[n] [SVP]?

Appellant's Br. at 2.

We review a claim that the evidence was insufficient to designate a defendant as an SVP under the following standard:

A challenge to the sufficiency of the evidence is a question of law requiring a plenary scope of review. The appropriate standard of review regarding the sufficiency of the evidence is whether the evidence admitted at trial and all reasonable inferences drawn therefrom, when viewed in the light most favorable to the Commonwealth as the verdict winner, is sufficient to support all the elements of the offenses. As a reviewing court, we may not weigh the evidence and substitute our judgment for that of the fact-finder. Furthermore, a fact-finder is free to believe all, part or none of the evidence presented.

At the hearing prior to sentencing the court shall determine whether the Commonwealth has proved by clear and convincing evidence that the individual is a sexually violent predator. Accordingly, in reviewing the sufficiency of the evidence regarding the determination of SVP status, we will reverse the trial court only if the Commonwealth has not presented clear and convincing evidence sufficient to enable the trial court to determine that each element required by the statute has been satisfied.

***Commonwealth v. Haughwout***, 837 A.2d 480, 484 (Pa. Super. 2003) (citations and quotation marks omitted).

The SOAB member assessing the defendant is not limited to considering the facts contained in plea colloquy—he may "review and consider the information contained in records provided by state, county and local agencies, offices and entities in this Commonwealth when making an SVP assessment

- 4 -

and preparing a statutorily compliant written report." ***Commonwealth v. Aumick***, 297 A.3d 770, 782 (Pa. Super. 2023). As our Supreme Court has made clear, this Court is limited to "simply assessing the legal sufficiency" of the evidence presented; we may neither reweigh the evidence nor require greater proof than is required by the statute. ***Commonwealth v. Meals***, 912 A.2d 213, 214 (Pa. 2005). In assessing the legal sufficiency, this Court must consider the "expert opinion that, to a reasonable degree of professional certainty," Appellant has a paraphilic disorder. ***Id.*** at 223. Our role as an appellate court does not permit us to re-evaluate, on appeal, the merits of that diagnosis. ***Id.*** The diagnosis itself is evidence, and any attack on the underlying merits of the opinion goes to "the weight, and not the sufficiency, of the expert's evidence." ***Id.*** at 224.

In the instant case, Judge Kirtland has authored a comprehensive, thorough, and well-reasoned opinion, citing to the record and relevant case law, and discussing each of the factors considered in an SVP determination, in order to conclude that Appellant is an SVP. After a careful review of Appellant's argument and the record, we affirm the trial court's determination that Appellant is an SVP on the basis of that Opinion. ***See*** Trial Court Op. at 7-10. The parties are instructed to append a copy of the trial court's November 27, 2024 opinion to all future filings.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


DATE: 6/25/2025

IN THE COURT OF COMMON PLEAS OF VENANGO COUNTY, PENNSYLVANIA

COMMONWEALTH OF PENNSYLVANIA :
                                            :     CR. No. 596-2023
        v.                                  :
                                            :
MARK BLAKENEY,                              :
        *Defendant*                         :
                                            :

## 1925(b) OPINION

AND NOW, this 27th day of November 2024, this Court enters its opinion pursuant to Pa.R.A.P. 1925 in response to the Defendant's Notice of Appeal, filed November 12, 2024. The Defendant appeals from an order filed on October 11, 2024, classifying the Defendant as a sexually violent predator in accordance with 42 Pa. C.S.A. § 9799.12 and 42 Pa. C.S.A. § 9799.24.

### I.    Procedural History

On December 12, 2023, the Defendant was charged by Formal Information with three (3) counts of criminal conduct. Venango County District Attorney filed an amended Formal Information on February 27, 2024 alleging eight (8) counts of criminal conduct. On May 28, 2024, the Defendant entered a *nolo contendere* plea to Count 1- Statutory Sexual Assault: 11 Years Older, a Felony 1. in violation of 18 Pa. C.S.A. § 3122.1(b). The remaining seven (7) counts were *nolle prossed*.

Following a hearing held on October 10, 2024, the Court issued an order finding the Defendant to be a sexually violent predator ("SVP") pursuant to 42 Pa. C.S.A. § 9799.12 and 42 Pa. C.S.A. § 9799.24. In determining whether the Defendant was SVP, the Court reviewed a report and testimony from William Allenbaugh II, a member of the Sexual Offender Assessment Board ("SOAB"), in determining the Defendant to be a SVP.

1

On October 18, 2024, the Court issued an Order classifying the Defendant under the Sexual Offender Registration and Notification Act ("SORNA") which notifies the Defendant of the registration requirements he must follow as a Tier III sexual offender under 42 Pa. C.S.A. § 9791 et seq. Also on October 18, 2024, the Court entered a sentence that Defendant is to serve a term of imprisonment for a minimum of twenty-four (24) months to a maximum of ten (10) years in violation of 18 Pa. C.S.A. § 3122.1(b), Count 1- Statutory Sexual Assault: 11 Years Older, a Felony 1. The sentence of incarceration is to be immediately followed by a term of ten (10) years of probation. The Defendant was given time credit for three-hundred and seventy-five (375) days previously served in the Venango County Jail. The Defendant filed no post-sentence motions.

On October 22, 2024, the Defendant jointly filed a notice of appeal and an application to proceed *In Forma Pauperis*. The Court granted the Defendant's application to proceed *In Forma Pauperis* on October 23, 2024. The Court ordered that the Defendant file a Concise Statement of Matters Complained of On Appeal pursuant to Pa. R.A.P. § 1925(b) on October 23, 2024. On November 12, 2024. The Defendant filed a concise statement asserting:

> "The Court erred in finding that the Commonwealth presented sufficiently clear and convincing evidence to support a finding that Mr. Blakeney is a SVP under 24 Pa. C.S.A. § 9799.24(e)(3), considering the fact that there was only one victim, the Defendant did not exceed the means necessary to achieve the defense, the Defendant did not display any unusual cruelty during the commission of the crimes, the Defendant had no prior convictions for sex offenses the Defendant's diagnosis was based in the age of the victim, and the Defendant entered a 'no contest' plea."

*See Appellant's Concise State of Matters Complained of On Appeal*, 11/12/2024, p.2.

## II.    Analysis

On appeal, the Defendant asserts that the trial court erred in finding that the Commonwealth "sufficiently" proved, by clear and convincing evidence, that the Defendant is a SVP pursuant to 42 Pa. C.S.A § 9799.24(a) and (b). Additionally, the Defendant asserts that the

2

Court failed to consider the weight of other evidence such as (1) the fact that there was only one victim, (2) the Defendant did not exceed the means necessary to achieve the defense, (3) the Defendant did not display any unusual cruelty during the commission of the crimes, (4) the Defendant had no prior convictions for sex offenses the Defendant's diagnosis was based in the age of the victim, and (5) the Defendant entered a "no contest" plea. This Court finds that the Defendant's claim goes to the weight of the evidence and is, therefore, waived.

A challenge to the sufficiency of the evidence and a challenge to the weight of the evidence are two distinct legal claims. *See Commonwealth. v. Widmer*, 560 Pa. 308, 744 A.2d 745 (Pa. 2000). As an initial matter, this Court struggles to parse out the nature of the Defendant's claim because a plain text reading of the Defendant's concise statement oscillates between a purported challenge to the sufficiency of the evidence and a challenge to the weight of the evidence. On the one hand, appellate counsel uses the word "sufficiently" in their concise statement. On the other hand, appellate counsel points to particular facts that, the Defendant claims, were not appropriately weighed by this Court. The use of the word "sufficiently" in the Concise Statement does not in and of itself trigger a sufficiency claim. The entirety of the claim when read challenges the weight of the evidence.

A challenge to the sufficiency of the evidence is when a defendant asserts that the Commonwealth has failed to establish each material element of the crime charged. *Id.* In asserting a challenge to the sufficiency of the evidence, the defendant must "specify the element or elements upon which the evidence is insufficient." *Commonwealth v. Tyack*, 128 A.3d 254, 260 (Pa. Super. 2015). However, the Defendant does not assert that the Commonwealth has failed to establish an element. Rather, the Defendant asserts that the Commonwealth has not met their burden of proof considering the contradictory evidence. This is more similar to a challenge

3

of the weight of the evidence. *See Commonwealth v. Meals*, 912 A.2d 213, 224 (Pa. 2006) (finding a challenge to the reliability of a SOAB report affects the weight, not the sufficiency of the Commonwealth's case). The Defendant's claim is therefore a challenge to the weight of the evidence.

A challenge based on the weight of the evidence is a claim that the fact-finder reached a verdict not supported by the most persuasive evidence. A challenge to the weight of the evidence is a question of fact targeted at the trial court's discretion. *See Commonwealth v. Brown*, 538 Pa. 410, 648 A.2d 1177 (1994). A challenge to the weight of the evidence cannot be granted because of a mere conflict in the testimony or because a different judge on the same facts would have arrived at a different conclusion. *See Commonwealth v. Thompson*, 648 A.2d 315 (Pa. 1994). A weight challenge is successful where "notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice." *Id.*

A challenge to the weight of the evidence must be raised: (1) orally, on the record, at any time before sentencing, (2) by written motion at any time before sentencing, or (3) in a post-sentence motion. Pa. R.Crim.P 607(A). Failure to properly preserve a challenge to the weight of the evidence will result in a waiver. *See Commonwealth v. Lofton*, 57 A.3d 1270, 1273 (Pa. Super. 2012). Here, the Defendant failed to raise a challenge to the weight of the evidence either before sentencing or in a post-sentence motion. Therefore, the Defendant's challenge to the weight of the evidence is waived.

If the appellate court finds that the Defendant has not waived his weight of the evidence claim, the trial court's determination that the Defendant is an SVP pursuant to 42 Pa. C.S.A. § 9799.24(e)(3) should, nonetheless, be affirmed because it is supported by the weight of the

4

evidence. In making this determination, the trial court must conclude that the Commonwealth proved, by clear and convincing evidence, that the individual is a SVP. The clear and convincing evidence standard "requires evidence that is so clear, direct, weighty, and convincing as to enable the trier of fact to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue." *Commonwealth v. Maldonado*, 838 A.2d 710, 715 (Pa. 2003).

Under 42 Pa. C.S.A. § 9799.12, a defendant is an SVP when (1) the Commonwealth has shown the defendant has been convicted of a sexually violent offense enumerated in 42 Pa. C.S.A. § 9799.14 and (2) due to a mental abnormality or personality disorder, the defendant is likely to engage in a predatory sexually violent offense pursuant to 42 Pa. C.S.A. 9799.24. Here, there is no dispute that the Defendant was convicted of a sexually violent offense. On May 28, 2024, the Defendant entered a *nolo contendere* plea to statutory sexual assault in violation of 18 Pa. C.S.A. § 3122.1(b), a sexually violent offense enumerated in 42 Pa. C.S.A. § 9799.14.

In examining the second element, the court is required to order an assessment to be conducted by a member of the SOAB to aid in determining whether the Defendant is likely to engage in a sexually violent offense due to a mental abnormality. 42 Pa. C.S.A § 9799.24(a). In conducting the assessment, the legislature has provided a non-exclusive list of fifteen (15) factors in 42 Pa. C.S.A § 9799.24(b)[1] to consider when making a SVP assessment. These factors are not

---

[1] The 42 Pa. C.S.A § 9799.24(a) and (b) factors are as follows: (1) **Facts of the current offense, including:** (i) Whether the offense involved multiple victims, (ii) Whether the individual exceeded the means necessary to achieve the offense, (iii) The nature of the sexual contact with the victim, (iv) Relationship of the individual to the victim, (v) Age of the victim, (vi) Whether the offense included a display of unusual cruelty by the individual during the commission of the crime, (vii) The mental capacity of the victim.
(2) **Prior offense history, including:** (i) The individual's prior criminal record,, (ii) Whether the individual completed any prior sentences, (iii) Whether the individual participated in available programs for sexual offenders.
(3) **Characteristics of the individual, including:** (i) Age, (ii) Use of illegal drugs, (iii) Any mental illness, mental disability or mental abnormality, (iv) Behavioral characteristics that contribute to the individual's conduct.
(4) **Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of re-offense.**

5

a checklist with each one weighing in some necessary fashion for or against SVP designation. *See Commonwealth v. Feucht*, 955 A.2d 377, 381 (Pa. Super. 2008). There is no statutory requirement that there be a certain number of factors present and the non-occurrence of any of the factors is dispositive in making a SVP determination.

Additionally, the trial court's inquiry at an SVP hearing is different from an SOAB assessment. The SOAB must address the fifteen (15) factors. However, a trial court's role is to determine whether the individual has a "mental abnormality that makes the Defendant likely to engage in predatory sexual offenses." *Commonwealth v. Amuick*, 297 A.3d 770, 779-780 (Pa. Super. 2023). While the Board is to examine all the factors listed under 42 Pa. C.S.A § 9799.24(b), the Commonwealth does not have to show any certain factor is present or absent in a particular case. This Court keeps in mind that an expert report indicating that an individual has an abnormality leading to a likelihood of a predatory sexually violent offense is evidence itself. *See Commonwealth v. Feucht*, 955 A.2d 377 (Pa. Super. 2008)(relying on an SOAB report in finding the defendant suffers from a mental abnormality is likely to engage in a sexually violent offense). However, this Court is not strictly bound to the SOAB member's pattern of analysis.

In reviewing a trial court's SVP determination, the appellate court must not take a mechanistic, check-list based approach to the trial court's determination that the subject has a mental disorder. *In re R.K. Jr.*, 957 A.2d 780 (Pa. Super. 2008). On review, the appellate court's task is "one of review and not one of reweighing or assessing the evidence in the first instance." *Commonwealth v. Meals*, 912 A.2d 213, 223 (Pa. Super. 2006).

6

Here, the Court ordered William Allenbaugh, a member of the SOAB, to assess the Defendant and opine if the Defendant is a sexually violent predator due to a mental abnormality or personality disorder. Allenbaugh has been a member of SOAB for the past 29 years and was qualified as an expert in the assessment and treatment of sexual offenders. *Sexual Violent Predator Determination Hearing Transcript*, 10/10/2024, pp.8-9. In his report and testimony, he assessed these fifteen (15) factors contemplated in 42 Pa. C.S.A § 9799.24(a) and (b) in concluding that the Defendant is a SVP. The Court incorporated his findings in its SVP determination:

1. **Whether the offense involved multiple victims**. Allenbaugh testified that there was only one victim, a minor child, who was the Defendant's American Sign Language ("ASL") student.

2. **Whether the individual exceeded the means necessary to achieve the offense.** The Defendant did not exceed the means necessary to achieve the offense, however the victim indicated that the Defendant stated he would kill her if she told anyone.

3. **The nature of the sexual contact with the victim.** The Defendant engaged in grooming conduct towards the victim. The Defendant's conduct was deliberate and progressive. The Defendant overtime increased the nature of his sexual offenses, including touching the victim's genitals, coercing her to touch his genitals, masturbation in front of the victim, kissing, taking pictures of kissing, buying sex toys, forcing the victim to use the sex toys, and ultimately forcibly raping the victim.

4. **The relationship of the individual to the victim.** The Defendant was in a position of trust. The Defendant was the victim's ASL interpreter and the Defendant lived with the victim's family for approximately six (6) months.

7

5. **The age of the victim.** The victim ranged from twelve (12) years old to fifteen (15) years old. The Defendant's age at the time of the offense ranged from fifty (50) years old to fifty-three (53) years old.

6. **Whether the offense included a display of unusual cruelty by the individual during the commission of the crime.** The offense did not display any unusual cruelty during the commission of the crime.

7. **The mental capacity of the victim.** There was no indication in Allenbaugh's report that the victim suffered from any mental incapacity during the commission of the offense. However, the victim was especially vulnerable due to her young age, disability, and relationship to the victim.

8. **The prior conviction history of the defendant.** The Defendant was convicted in Texas in 2003 for Failure to Report Child Abuse.

9. **Whether the individual completed any prior sentences.** In connection with the 2003 offense, the Defendant completed a period of probation and supervision.

10. **Whether the individual participated in available programs for sexual offenders.** The Defendant has not participated in any program for sexual offenders.

11. **The Defendant's age during the offense.** The Defendant's ranged from fifty (50) to fifty-three (53) years old.

12. **The Defendant's use of illegal drugs.** There was no information received to indicate illegal substances were part of the sexual offense.

13. **Whether the Defendant has any mental illness, mental disability or mental abnormality.** Over the three (3) year commission of the crime, the Defendant displayed

8

behavior of a mental abnormality. Allenbaugh testified that his behavior is consistent with a paraphilic disorder in the DSM-V-TR.

14. **The behavioral characteristics that contribute to the individual's conduct.** The Defendant utilized his position of trust as an interpreter to gain access to the victim. This is heightened by the fact the Defendant took residency in the victim's home where he could readily sexually abuse the victim.

15. **Factors that are supported in a sexual offender assessment field as criteria reasonably related to the risk of re-offense.** Allenbaugh testified that the Defendant is at a risk for reoffending because he has a paraphilic disorder to non-consenting minors, a lifetime disorder according to the DSM-V-TR. Therefore, due to his mental abnormality, the Defendant is likely to engage in a sexually violent offense.

In reviewing these determinations, this Court found Allenbaugh's testimony to be credible. This Court is aware that just because a testifying Board member is found to be credible, does not necessarily lead to the conclusion that the Commonwealth has proved by clear and convincing evidence the Defendant is a sexually violent predator. *See Commonwealth v. Lipphardt*, 841 A.2d 551, 555-556 (Pa. Super. 2004). However, the facts relied upon to make an SVP determination remain undisputed. At the October 10, 2024, Sexually Violent Predator Determination hearing, defense counsel offered no contradictory expert testimony to dispute Allenbaugh's findings. Defense counsel's cross-examination merely probed into Allenbaugh's methodology, not disputing any facts at issue. *See Sexually Violent Predator Determination Hearing*, 10/10/2024, pp. 28-36. Even the instant appeal does not challenge the facts at issue, it merely challenges how the Court weighed each factor in making its SVP determination. The Defendant's arguments relate primarily to weight and credibility of the Commonwealth's

9

evidence, such efforts affect the weight and not the sufficiency of the Commonwealth's case. *See Commonwealth v. Feucht*, 955 A.2d 377, 382 (Pa. Super. 2008).

This Court has reviewed the facts in issue and, as stated above, this Court has diligently considered the testimony and evidence presented at the SVP hearing in consideration of the statutory factors laid out in 42 Pa. C.S.A § 9799.24(a) and (b). While some factors are clearly not present, the undisputed fact remains that the Defendant, over the three (3) year period, engaged in increasingly offensive sexual acts with the victim without hesitation or remorse. The Defendant touched the victim's genitals, forced her to touch his genitals, masturbated in front of the victim, kissed the victim, took pictures of the victim kissing, bought sex toys for the victim, watched the victim use the sex toys, and ultimately forcibly raped the victim.

The Defendant's actions are aggravated by the fact that he used his unique position of trust and used that position to prey upon a vulnerable victim. The victim is deaf, therefore, of a heightened vulnerability. The Defendant was her American Sign Language interpreter. He used his position to gain the trust of the victim and the victim's family. The victim's family invited him to live in their home. The Defendant used this trust and access to normalize his inappropriate sexual contact with the victim and ensure her silence. The Defendant threatened to kill the victim if she ever told anyone about the sexual abuse.

This Court finds that the details of the Defendant's sexual offense paired with Allenbaugh's credible expert diagnosis of the Defendant's paraphilic mental condition according to the DSM-V-TR, clearly and convincingly establish the Defendant is a SVP.

10

## III.  Conclusion

For the reasons articulated above, the Court finds the claim asserted by the Defendant on appeal meritless.

BY THE COURT,

MATTHEW T. KIRTLAND, President Judge

cc:   Tina Fryling, Esq.
      PD
      DA
      LE
      RLW

11